UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE QUINNINE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT BURTON, WARDEN,<br><br>　　　　　Respondent. | No. 2:20-cv-0431 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

　　　Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges his 2017 conviction for second degree robbery with two prior second degree robbery convictions that constituted strikes under California's Three Strikes Law. Petitioner was sentenced to twenty-five years-to-life, plus ten years. Petitioner contends he received ineffective assistance in violation of the Sixth Amendment based on defense counsel's failure to object to the characterization of his prior conviction as violent rather than serious, and failure to object to the record analyst's affidavits based on a violation of the Confrontation Clause, and petitioner claims he received a grossly disproportionate and excessive sentence. (ECF No. 1 at 5-6.)

　　　As set forth below, the undersigned recommends that the petition for writ of habeas corpus be denied.

////

II. Background

Following a jury trial in the Sacramento County Superior Court, petitioner was found guilty of second-degree robbery. (ECF No. 17-1 at 231.) The jury also found true allegations that petitioner had sustained two prior strike convictions.[1] Petitioner was sentenced to a prison term of 25 years-to-life, plus 10 years consecutive for petitioner's two prior serious felony enhancements.

Petitioner filed an appeal; his conviction and sentence were affirmed. (ECF No. 17-10.) The appellate court concluded that the trial court did not abuse its discretion in declining to dismiss a prior strike allegation, but remanded the matter to allow the trial court to exercise its new discretion as to whether to strike or dismiss the five-year prior serious felony enhancements under Senate Bill 1393.[2] (ECF No. 17-10.)

On March 4, 2019, petitioner filed a petition for review in the California Supreme Court, No. S254375. (ECF No. 17-11.) Petitioner argued that the trial court abused its discretion by declining to dismiss one of petitioner's two prior strike convictions, resulting in petitioner receiving a grossly disproportionate and excessive sentence. (ECF No. 17-11.) On April 10, 2019, the petition for review was denied without comment. (ECF No. 17-12.)

On May 24, 2019, the trial court denied petitioner's motion to strike his prior convictions, and affirmed the sentence on each California Penal Code Section 667(a) prior conviction enhancement. (ECF No. 17-13.)

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, which was denied in a reasoned decision on September 10, 2019.[3] (ECF No. 17-14.)

---

[1] Petitioner was convicted of robbery on July 13, 1992, and sentenced to two years in state prison. (ECF No. 17-1 at 257.) On April 4, 2002, petitioner was convicted of multiple counts of second degree robbery and sentenced to 15 years. (ECF No. 17-1 at 250.)

[2] "On September 30, 2018, the Governor signed Senate Bill 1393 which, effective January 1, 2019, amends sections 667(a) and 1385(b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes." People v. Garcia, 28 Cal. App. 5th 961, 971, 239 Cal. Rptr. 3d 558 (2018) (citation omitted).

[3] Respondent was unable to lodge a copy of the habeas petition filed in the Sacramento County Superior Court due to COVID-19 related court closures. (ECF No. 16 at 6 n.1.) However,

On October 2, 2019, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 17-15.) On October 11, 2019, the petition was summarily denied. (ECF No. 17-16.)

On October 25, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, No. S258787. (ECF No. 17-17.) Petitioner raised the two ineffective assistance of counsel claims raised here. (ECF No. 17-17.) On January 29, 2020, the California Supreme Court summarily denied the petition. (ECF No. 17-18.)

Petitioner filed the instant action on February 20, 2020. (ECF No. 1.) Following an extension of time, respondent filed an answer on July 29, 2020. Petitioner did not file a reply.

III. Facts and Procedure[4]

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual and procedural summary:

> In 2016, defendant robbed the California Community Credit Union in Elk Grove by jumping over a counter, grabbing a teller by the neck, and forcing him to hand over cash. Defendant did not use a weapon. A jury convicted him of second degree robbery. The jury also found true allegations that he had been convicted of robbery (degree unspecified) in 1992 and of second degree robbery in 2002, and that both convictions were serious and violent felonies.
>
> The probation report showed that the 52-year-old defendant had a felony record dating back to 1987. He was married with five adult children, but he was unemployed and had no education beyond a G.E.D. He reported a 20-year history of cocaine use ending in 2000, a two-year period of heroin use ending in 2014, and occasional use of marijuana and alcohol. He claimed dizzy spells, a bad back and arthritis, for which he did not take any medication, and a history of depression with a bipolar diagnosis for which he took daily medication.
>
> Defendant was sentenced to two years in state prison for his 1992 conviction and to 15 years for his 2002 conviction, which punished multiple bank robberies over a seven-month span in 2001. He was on parole when he committed the instant robbery.

---

review of such petition is not required to resolve the instant claims.

[4] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Quinnine, No. C086119 (January 30, 2019). (ECF No. 17-10.)

3

> The probation report found as circumstances in aggravation that the present crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; the manner in which the crime was carried out indicated planning, sophistication, or professionalism; defendant had engaged in violent conduct which indicated a serious danger to society; defendant's prior convictions as an adult were numerous; defendant had served a prior prison term; defendant was on parole when the crime was committed; and defendant's prior performance on parole was unsatisfactory. The report found no circumstances in mitigation and recommended a sentence of 25 years to life, plus 10 years for the two prior serious felonies.
>
> Defendant asked the trial court to dismiss one of his prior strike conviction allegations. (Pen. Code, § 1385; [FN1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) He argued that his conduct in the present case was not serious enough to justify a sentence of 25 years to life plus 10 years because he did not use a weapon or any "serious" force, he took a relatively small amount of money, he did not use violence to attempt to escape or evade capture, and when arrested he surrendered without incident. The trial court denied defendant's request, explaining: "I did take a long look at [defendant]'s criminal history and what he had chosen to do in his life. And I also considered the period of incarceration and what he chose to do with his life when he got out. And I looked to see whether there was anything which would take him out of the law, which sets forth punishment for having been convicted of [three] strikes, to see whether there was anything that would cause him to be outside the scheme's spirit. That is the terminology used in the case law. And I find that there is not. [¶] I did give this matter a lot of consideration and analyzed it a number of ways, but given the nature of the conduct that [defendant] chose to engage in and his repeating that kind of conduct and not learning that he can't do that, there is just nothing there."
>
> [FN1: Undesignated statutory references are to the Penal Code.]
>
> The trial court imposed the sentence recommended in the probation report, including the then-mandatory five-year consecutive enhancement for each of the two prior serious felony convictions. (§ 667, subd. (a).)

(People v. Quinnine, slip op. at 2-4.) (ECF No. 17-10 at 3-5.)

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

4

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). However, courts may look to circuit law "to ascertain whether . . . the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. at 405. A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

The AEDPA statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). The court looks to the last reasoned state court decision as the basis for the state court

judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853 (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)). This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Richter, 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

V. Ineffective Assistance of Counsel (Claims One and Two)

    A. Governing Standards

The Sixth Amendment to the United States Constitution guarantees not only assistance, but effective assistance, of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The purpose of the right is to ensure a fair trial, and the benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. To prevail on an ineffective assistance claim, a habeas petitioner must show that (1) counsel's performance was "deficient," i.e., his "representation fell below an objective standard of reasonableness" under prevailing professional norms, id. at 687-88, and (2) prejudice flowed from counsel's performance, i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, see id. at 691-94.

    "A court considering a claim of ineffective assistance must apply a 'strong presumption'

6

that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The standards of both 28 U.S.C. § 2254(d) and Strickland are "highly deferential . . . and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105 (quotation and citations omitted). When § 2254(d) applies, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

B. Claim One

Petitioner argues that defense counsel was ineffective because he failed to object to the characterization of his prior 1992 conviction for second degree robbery as a violent felony. In 1992, second degree robbery was not listed as a violent felony in California Penal Code Section 667.5, but rather was listed as a serious felony under California Penal Code Section 1192.7. (ECF No. 1 at 8.) It was not until 2000, with the passage of Proposition 8, that Section 667.5 was changed to include "any robbery." (ECF No. 1 at 8.) Petitioner contends that the nature of the previous and current convictions were central to the court's decision not to dismiss the strike, so that had the 1992 conviction been characterized as serious rather than violent, there is a reasonable probability the court would have exercised its discretion to dismiss the strike. (ECF No. 1 at 10.)

1. State Court Decision[5]

a. Claim 1: Counsel was Ineffective for Failure to Object to Description of Prior Robbery Conviction as a Violent Felony

Prior to 2000, only certain robberies were considered violent felonies under section 667.5. The law was changed, however, in March 2000.

---

[5] Under California's original habeas writ system, a habeas petition filed in a higher state court does not constitute a challenge to the lower court's denial of the previous petition. Robinson v. Lewis, 2020 WL 4045925, at *9 (Cal. July 20, 2020). Thus, each state court renders its own ruling on the petition before it, without reviewing a lower state court's habeas ruling. Id. However, as argued by respondent, because under § 2254(d) the undersigned must determine what arguments or theories supported or could have supported the state court's decision, the undersigned reviews the decision by the Sacramento County Superior Court in addressing petitioner's claims one and two.

> The change made "any robbery" a violent felony. (Pen. Code§ 667.5, subd. (c)(9).) Petitioner argues because his 1992 robbery conviction was not defined as a violent felony at the time of the conviction, it was error for the conviction to be described as a violent felony by the prosecutor and in the jury instructions. Petitioner claims he was prejudiced by this error because the judge relied on this misinformation when deciding not to strike his prior conviction. Petitioner fails to show he was actually prejudiced by this claimed error.
>
> To show constitutionally inadequate assistance of counsel, a defendant must show that counsel's representation fell below an objective standard and "actual prejudice must be shown." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937; *In re Sixto* (1989) 48 Cal.3d 1247, 1257.) To demonstrate actual prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." A reasonable probability is the probability sufficient to undermine confidence in the outcome." (*Sixto, supra*, 48 Cal.3d at 1257.) When the Petitioner fails to establish actual prejudice, it is unnecessary to determine whether counsel's performance was deficient. (*In re Fields* (1990) 51 Cal.3d 1063, 1079 ["a court need not determine whether counsel's performance was deficient before examining the prejudice suffered. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, when we expect will often be so, that course should be followed."].) Petitioner has failed to demonstrate actual prejudice.
>
> There is no support for Petitioner's contention that the description of his 1992 robbery conviction as a violent felony is what led the court to deny his request to strike the prior conviction. The portion of the sentencing transcript included with the petition shows the court considered Petitioner's prior record and period of incarcerations as well as what Petitioner chose to do with his life upon release. The transcript also confirms the court was well aware Petitioner was facing a three strike sentence and looked for reasons Petitioner would not fall within the spirit of a three strike sentence. The court found none. Further, upon remand from the Third District Court of Appeal to determine whether it wanted to exercise its discretion to strike the five-year enhancements under section 667, subdivision (a), the court declined and reaffirmed Petitioner's sentence. This is additional evidence the court was not inclined to strike Petitioner's prior convictions regardless of how they were described. Petitioner has failed to show there is a reasonable probability the court would have stricken his prior convictions had counsel objected to the description of his 1992 robbery conviction as a violent felony.

2. Governing Standards

As set forth above, petitioner must demonstrate both deficient performance by defense counsel, as well as actual prejudice resulting from such deficient performance. Strickland, 466 U.S. at 687. This court is required to presume defense counsel was competent, but also view

8

counsel's performance under the deferential lens of § 2254(d), requiring the court to determine whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

### 3. Discussion

Prior to the instant offense, petitioner committed a robbery in 1992, and in 2001 robbed multiple credit unions and served a 15-year prison term. (Clerk's Transcript at 216-17.) (ECF No. 17-1 at 224-25.) After he was released from prison, but still on parole, petitioner committed the latest robbery. As the record reflects, the trial court took into account petitioner's prior record and prison terms, and what he had chosen to do with his life, as well as what he chose to do with his life upon release. (Reporter's Transcript ("RT") at 1122-23.) (ECF No. 3 at 245-46.) The record shows the court was aware petitioner faced a three-strike sentence and looked for "anything that would cause [petitioner] to be outside the [Three Strike] scheme's spirit," but found none. (RT at 1123.) Indeed, the trial court stated, "I did give this matter a lot of consideration and analyzed it a number of ways, but given the nature of the conduct that Mr. Quinnine chose to engage in and his repeating that kind of conduct and not learning that he can't do that, there is just nothing there." (RT at 1123.) This record does not reflect that the trial court refused to strike the prior based on whether or not the 1992 conviction was a violent felony, but rather based on petitioner's recidivist behavior and failure to change his ways.[6]

Thus, as argued by respondent, whether or not petitioner's 1992 conviction was characterized as violent, the record demonstrates that there was no argument that would have changed the sentencing judge's decision not to grant the motion to strike the 1992 conviction. Moreover, following remand and taking into account the new discretion granted under Senate Bill 1393, the trial court again declined to strike petitioner's prior convictions. This subsequent decision further demonstrates that the trial court would not strike petitioner's prior convictions no matter how the prior convictions were characterized. Therefore, the superior court's decision sets

---

[6] The trial judge also remarked on the quality of the briefs, noting that defense counsel "worked with every fact that you had in terms of making the best argument that you could for Mr. Quinnine," and commended defense counsel "for giving it a valiant effort and representing Mr. Quinnine to the fullest extent possible." (RT at 1122, 1123.)

9

forth reasonable arguments why defense counsel was not ineffective for failing to make the suggested objection. Petitioner fails to demonstrate prejudice because he has not shown a reasonable probability that his sentence would have been different had defense counsel so objected. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

Under the "doubly deferential" AEDPA review of ineffective assistance of counsel claims, the state court's denial of this ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of facts. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, petitioner is not entitled to relief on claim one.

### B. Claim Two

Petitioner claims that defense counsel was ineffective based on counsel's failure to object to the packets admitted under California Penal Code Section 969(b) because the records analyst's affidavits listed petitioner's name and certified that the fingerprint cards and photograph were true and correct copies of those in the analyst's custody. (ECF No. 1 at 12.) Petitioner argues that because the analyst did not testify at trial, petitioner was deprived of his right to cross-examine the analyst, and defense counsel should have objected on Confrontation Clause grounds. (ECF No. 1 at 12-14.)

#### 1. State Court Decision

> Claim Two: Counsel's Failure to Object to the Introduction of the Affidavit from the Custodian of Records Was Ineffective Assistance of Counsel.
>
> People's Exhibit 46 was a packet of records from the California Department of Corrections and Rehabilitation prepared and submitted in accordance with section 969b. Petitioner claims that because the affidavit of the Custodian of Records accompanying the records contained Petitioner's name, the affidavit went beyond the Custodian's authority to certify the accuracy of the records. According to Petitioner, the affidavit became evidence of the Custodian's interpretation of what the record contained, specifically Petitioner's fingerprints and photo. His counsel's failure to object to

10

the introduction of the affidavit constituted ineffective assistance of counsel. Petitioner is incorrect.

The confrontation clause bars "admission of testimonial statements of a witness who did not appear at trial. . . ." "Only statements of this sort [testimonial] cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." (*Davis v. Washington* (2006) 547 U.S. 813, 821.) "[T]he confrontation clause has no application to out-of-court nontestimonial statements. . . ." (*People v. Arceo* (2011) 195 Cal.App.4th 556, 571.) Several cases have held records admitted pursuant to section 969b, including a custodian's authenticating certification, are nontestimonial and therefore not subject to the confrontation clause.

In *People v. Larson* (2011) 194 Cal.App.4th 832 (*Larson*), the defendant argued documents admitted in accordance with section 969b violated the confrontation clause and the preparer of the documents should have been subject to cross-examination based on the holding in *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305. The court held "[t]he matters in a prior-conviction packet under Penal Code section 969b are, however, nontestimonial in nature and thus not subject to *Crawford* [541 U.S. 360] and *Melendez-Diaz*." (*Larson, supra*, at p. 837.) The court concluded:

> Although the documentary records of a defendant's past convictions and Department of Corrections and Rehabilitation history may happen to be offered as evidence (to prove such prior convictions) at a later trial, the records so proffered were not made primarily for that purpose. The records are made for other purposes in the ordinary course of other business of the courts and relevant departments.
>
> The records are needed and maintained for these other purposes; they are not offered as evidence in any later trial unless and until an accused commits a new, additional offense. Thus, the records are not made in contemplation of, or primarily for the purpose of, providing evidence in a future trial against the defendant. The records are not testimonial.

(*Ibid.*) (See also: *People v. Taulton* (2005) 129 Cal.App.4th 1218, 1225.) Not only are the records themselves nontestimonial, the affidavit authenticating the copies is also nontestimonial.

> *Melendez-Diaz* also addressed this argument. The high court distinguished the forensic analysts' reports, which were testimonial, from a clerk's certificate authenticating an official record for use as evidence. [Citation.] A clerk, the court explained, 'could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did [in *Melendez-Diaz*]: create a record for the sole purpose of providing evidence against a defendant.' [Citation.] The clerk's certification of the materials in the 969b packet here is precisely the kind of authenticating affidavit approved of in *Melendez-Diaz*.

(*Id.* at 711.)

11

> Because the records and affidavit were received into evidence in accordance with the confrontation clause, it cannot be said Petitioner's counsel was deficient for not objecting to their admission.

People v. Quinnine, 19HC00315 at 2-3. (ECF No. 17-14 at 3-5.)

### 2. The Confrontation Clause

The Confrontation Clause bars the state from introducing into evidence out-of-court statements which are "testimonial" in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable. Crawford v. Washington, 541 U.S. 36 (2004); United States v. Brooks, 772 F.3d 1161, 1167 (9th Cir. 2014). The Supreme Court has "limited the Confrontation Clause's reach to testimonial statements." Michigan v. Bryant, 562 U.S. 344, 354 (2011); Davis v. Washington, 547 U.S. at 821. "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial." Melendez-Diaz v. Massachusetts, 557 U.S. at 324.

The Ninth Circuit has held that "a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature." United States v. Weiland, 420 F.3d 1062, 1077 (9th Cir. 2005). See Melendez-Diaz, 557 U.S. at 322-23 (noting that "a clerk's certificate authenticating an official record -- or a copy thereof -- for use as evidence," "though prepared for use at trial, was traditionally admissible"); United States v. Gal, 606 F. App'x 868, 875 (9th Cir. 2015) (holding that no Confrontation Clause "violation occurred because an affidavit offered only to authenticate a record is not testimonial"); United States v. Anekwu, 695 F.3d 967, 971 (9th Cir. 2012) (holding that the district court did not commit plain error by admitting certificates of authentication for foreign public and business records).

### 3. Discussion

In this case, petitioner argued defense counsel should have objected on Confrontation Clause grounds to the admission of records by the custodian who certified petitioner's prior

conviction records. However, based on the cases set forth above, the state court reasonably found that such evidence was not testimonial. See e.g., Arellano v. C.D.C.R., 2014 WL 1665128, *25 (E.D. Cal. Apr. 25, 2014) ("[Since] Crawford itself specifies that records kept in the course of business are inherently non-testimonial . . . it cannot be unreasonable to hold that criminal history records are non-testimonial and therefore outside the scope of Crawford."). As a result, the state court's decision rejecting petitioner's claim that defense counsel was ineffective for failing to object to the admission of such evidence was also reasonable. Because such objection would have been meritless, petitioner cannot show prejudice with respect to his claim because the failure to make a meritless objection does not constitute ineffective assistance. See Jones v. Smith, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (citing Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) (an attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel)). See also Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance"). Accordingly, petitioner is not entitled to habeas relief on his second claim.

VI. Eighth Amendment Claim (Claim Three)

Petitioner claims he received a grossly disproportionate and excessive sentence. (ECF No. 1 at 5.) Because he was age 52 at sentencing, petitioner characterizes his sentence as effectively life without the possibility of parole for a crime without violence. (ECF No. 1 at 19.) Petitioner argues that while his conduct was scary for the employee, he used no serious force or weapons during the commission of the robbery, the amount of money taken was fairly small, and he made no attempt to escape or evade arrest. (ECF No. 1 at 18.) He states he has a long history of drug use, and has been diagnosed as bipolar and suffers from clinical depression for which he takes medication. (ECF No. 1 at 17.)

A. Eighth Amendment Standards

The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, the

13

precise contours of this principle are unclear, and successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (citing Solem, 463 U.S. at 288, 303).

B. State Court Decision

On appeal, petitioner argued that his sentence was excessive, and that despite his criminal history, his crime did not warrant a sentence of twenty-five years-to-life plus ten years. The last reasoned rejection of petitioner's third claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal. The state court addressed this claim as follows:

> Defendant contends the trial court abused its discretion in denying his request to dismiss one of the prior strike conviction allegations. He claims his sentence is grossly disproportionate and excessive in violation of his federal constitutional right to due process.
>
> The three strikes law "'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) A trial court may exercise its discretion to dismiss prior strike allegations pursuant to section 1385 if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)
>
> When a trial court declines to dismiss a prior strike allegation, we review its decision for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at pp. 374-375.) In the context of sentencing decisions, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the trial court, aware of its discretion, "'balanced the relevant facts and

> reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance.' [citation]." (*Ibid.*)
>
> Here, the trial court did not abuse its discretion in concluding that defendant's background, character and prospects do not place him outside the spirit of the three strikes law. Before committing the present crime, defendant was a six-time robber who had spent a significant part of his adult life in custody or on parole. While on parole, he committed yet another bank robbery. He apparently had no employment history or marketable skills, and if he had any thoughts about changing his way of life, they were not presented in the probation report.
>
> Defendant nevertheless claims the trial court never referenced defendant's age or the fact he was not armed during his offenses. He argues the trial court failed to consider all relevant sentencing factors. But defendant fails to show it is arbitrary or irrational to sentence a defendant under the three strikes law merely because he is over 50, or because his multiple strike offenses are arguably less egregious than those of other offenders. He cites *People v. Bishop* (1997) 56 Cal.App.4th 1245, but that case was decided before *Williams, supra*, 17 Cal.4th 148, and *Carmony, supra*, 33 Cal.4th 367. And defendant's assertion that the trial court must not have considered all relevant criteria because it did not address them all on the record misstates the law. "[U]nless the record affirmatively shows otherwise, a trial court is deemed to have considered all relevant criteria in . . . making any . . . discretionary sentencing choice." (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318 (*Weaver*), overruled on another ground in *People v. Cook* (2015) 60 Cal.4th 922, 935, 939.) Defendant points to nothing affirmative in the record that shows the trial court did not consider any relevant criterion. On the contrary, the court stressed that it had considered not only defendant's criminal history, but "what he chose to do with his life" when out of custody.
>
> Defendant cites the following authority in support of this argument: "[A]ny exercise of sentencing discretion 'must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect.' ([*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968], 981-982.) Considering only a defendant's criminal history is 'incompatible with the very nature of sentencing discretion; the entire picture must remain exposed.' (*Id.* at p. 981.)" (*In re Saldana* (1997) 57 Cal.App.4th 620, 626.) But neither *Saldana* nor *Alvarez* holds that to meet these standards a trial court must address every relevant criterion expressly. Thus, they do not contradict the presumption stated in *Weaver, supra*, 149 Cal.App.4th at page 1318.
>
> The trial court did not abuse its discretion in denying the request to dismiss a prior strike allegation.

(People v. Quinnine, slip op. at 4-6) (ECF No. 14 at 5-7.)

////

15

### C. Discussion

The California Supreme Court's denial of this claim cannot be considered objectively unreasonable in light of clearly established federal law. In Harmelin, 501 U.S. at 961, 994-96, the U.S. Supreme Court upheld a mandatory sentence of life without the possibility of parole for a defendant convicted of possessing cocaine, although it was his first felony offense. In the context of recidivist sentencing, the Court has upheld life sentences even for non-violent property crimes. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); Ewing v. California, 538 U.S. 11 (2003) (upholding indeterminate life sentence for grand theft, under California's "three-strikes" statute); Lockyer, 538 U.S. at 77 (affirmance of "three strikes" life sentence for petty theft not objectively unreasonable under clearly established federal law).

Here, despite petitioner's recidivism, his sentence includes a possibility of parole. No Supreme Court precedent has found a sentence like petitioner's, for a similar crime, to be one of the rare cases that is excessive or grossly disproportionate in violation of the Eighth Amendment. Without such precedent, federal habeas relief is barred by section 2254(d), because the state court's judgment could not have unreasonably applied the Supreme Court's disproportionality jurisprudence. If a life without parole sentence for non-violent drug offenses does not offend the Constitution, then it cannot be objectively unreasonable to conclude that petitioner's second degree robbery conviction resulting in a sentence of 25 years-to-life plus ten years does not offend the Constitution.

Therefore, petitioner's Eighth Amendment claim should be denied.

### VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that the application for a petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

16

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/quin0431.157

17